**TRUDY A. NOWAK, P.C.**
**Bankruptcy Law Strategists**
**Attorneys at Law**
2001 E. Campbell Avenue, Suite 201
Phoenix, AZ 85016
Trudy A. Nowak (AZ Bar No. 021567)
Email: tnowak@bklaws.com
Telephone: (480) 759-0524
Attorney for Stanley J. Kartchner, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>Roberta I. Sachs,<br><br>           Debtor.<br>_____<br>STANLEY J. KARTCHNER, Chapter 7 Trustee,<br><br>           Plaintiff,<br>  v.<br><br>HUGHES FEDERAL CREDIT UNION, and/or its assignees, successors, predecessors or representatives,<br>           Defendant.<br>_____ | Case No. 4:13-bk-15976-SHG<br><br>Chapter 7<br><br><br><br><br><br>Adv. No. 4:15-ap-00028-SHG<br><br><br>**COMPLAINT** |

Plaintiff Stanley J. Kartchner, the duly appointed Chapter 7 Trustee herein ("Plaintiff"), alleges for Plaintiff's complaint against Defendant Hughes Federal Credit Union, and/or its assignees, successors, predecessors or representatives, ("Defendant"), as follows:

**<u>GENERAL ALLEGATIONS</u>**

1.    This adversary proceeding is brought in connection with the above-captioned case pending under Chapter 7 of Title 11, U.S.C.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, United States Bankruptcy Court for the District of Arizona Local Rule 5011-1 (in which, pursuant to 28 U.S.C. § 157, the Arizona District Court refers to the Arizona Bankruptcy Court all cases under Title 11 and all proceedings under Title 11 or arising in or related to a case under Title 11), and 11 U.S.C. §§ 362, 541, 542, 544, 547, 550 and 551.

3. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper pursuant to 28 U.S.C. §1409(a).

5. Plaintiff is the duly appointed Chapter 7 Trustee herein.

6. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to determine the validity, priority, or extent of a lien or other interest in property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

7. The Trustee is permitted to bring this adversary proceeding on behalf of the estate pursuant to Federal Rule of Bankruptcy Procedure 6009.

8. Upon information and belief, Defendant is member-owned, not-for-profit financial cooperative, conducting business in the State of Arizona.

9. Roberta I. Sachs, the debtor herein ("Debtor"), filed a Voluntary Chapter 7 Petition on September 13, 2013 ("Filing Date").

10. Prior to the Filing Date, on or about April 1, 2013, Debtor purchased a 2005 Ford Mustang, VIN 1ZVHT85H955194669 ("Vehicle").

11. On the Filing Date, the Debtor was both the title owner and the equitable owner of the Vehicle.

12. Upon information and belief, Debtor is listed as sole owner on the title to the Vehicle and title to the Vehicle is held as: "Roberta Irene Sachs."

13. The Debtor lists the Vehicle as property of the estate in her bankruptcy documents filed with the Court (Schedule B).

14. The Debtor indicates in her Statement of Intention that she intends to reaffirm the debt to Defendant.

15. Upon information and belief, the Debtor's purchase of the Vehicle was financed by Defendant.

16. Upon information and belief, Defendant asserts a secured interest in the Vehicle.

17. Pursuant to applicable law, a secured interest in a motor vehicle is perfected by indication of the lien upon the certificate of title. *See Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211, 118 S.Ct. 651 (1998); *See also* A.R.S. § 28-2132.

18. Upon receipt of an application for title, the Arizona Motor Vehicle Department is required to endorse on the application the date and hour it was received at the registering office of the Department. *See* A.R.S. § 28-2132.

19. Arizona law provides that if the application for a certificate of title and related, required documents referred to in Title 28 of the Arizona Revised Statutes, Article 4, are delivered to the registering office or an authorized third party provider of the Department within thirty days after the date of their execution, the constructive notice dates from the time of execution; otherwise, the notice dates from the time of receipt and filing of the documents by the Department as shown by its endorsement. *See* A.R.S. § 28-2133(B).

20. The method provided in A.R.S. § 28-2133(B) for giving constructive notice of a lien or encumbrance on a vehicle is exclusive. *See* A.R.S. § 28-2133(C).

21. State law grace periods for creditors to perfect security interests are inapplicable in the bankruptcy context; a creditor cannot invoke the enabling loan defense under 11 U.S.C. §

547(c)(3)(B) to a preference action commenced by a trustee under 11 U.S.C. § 547 when it perfects its security interest more than 30 days after the debtor took possession, even if state law creates a longer grace period for the perfection of a security interest. *See Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211, 213, 216-17 (1998).

22. Attached as Exhibit "A" is a true and correct copy of the Arizona Title and Registration Application ("Application") for the Vehicle.

23. As set forth on the attached Application, Defendant's lien against the Vehicle was not perfected until October 8, 2013, a date after the Filing Date, a date more than thirty (30) days after Debtor's purchase and possession of the Vehicle, and this date is the date of Defendant's perfection of its lien under State law.

24. The value of the transfer from the Debtor to Defendant is the amount financed by Defendant at the time of the granting of the security interest.

25. Upon information and belief, the value of the Vehicle at the time of sale to the Debtor was $20,181.00 or greater. This amount is set forth as the value on Debtor's Schedule B.

26. Upon information and belief, the amount financed by Defendant at the time of the granting of the security interest was $22,083.31. This amount is set forth in the Application.

27. Upon information and belief, the value of the transfer is at least $20,181.00.

## COUNT ONE

**(Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547)**

28. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

29. Pursuant to 11 U.S.C. § 547, a trustee may avoid any transfer of an interest of the debtor in the property to or for the benefit of a creditor, for or on any account of an antecedent debt owed by the debtor before such transfer was made, made while the debtor was insolvent, made within 90 days of the filing of the petition (or within one year of the filing of the petition if the transfer is made to an insider), and that enabled that creditor to receive more than the creditor would receive upon liquidation of the estate had the transfer not been made. 11 U.S.C. § 547(b).

30. For purposes of 11 U.S.C. § 547, a transfer is made immediately before the date of the filing of the petition, if such transfer is not perfected at the later of the commencement of the case or 30 days after such transfer takes effect between the transferor and the transferee. *See* 11 U.S.C. § 547(e)(2)(C).

31. Debtor was the owner of the Vehicle and has a legal and equitable interest therein.

32. Defendant's perfection of its lien was a transfer of an interest of the Debtor in the Vehicle to or for the benefit of Defendant.

33. Defendant's perfection of its lien was made for or on the account of an antecedent debt owed by the Debtor to Defendant.

34. Debtor was insolvent at the time of the transfer of the lien based on information provided in Debtor's bankruptcy documents filed with the Court (Summary of Schedules) and as shown by the $40,000 in claims filed by SallieMae (a creditor who was not listed in Debtor's Schedule F).

35. Defendant's lien was not perfected against the Vehicle within 90 days prior to the Filing Date, but was untimely perfected postpetition. However, by operation of 11 U.S.C. §

547(e)(2)(C), the lien is deemed perfected immediately before the date of the filing of the petition, which is within 90 days of the Filing Date.

36. As set forth above, Defendant failed to perfect its lien against the Vehicle within 30 days of the date the Debtor took possession of the Vehicle.

37. The transfer of the lien to Defendant will allow Defendant to receive a greater distribution than it would have received upon a liquidation of the estate had the transfer not been made.

38. Plaintiff asserts that the late-filed lien constitutes a preferential transfer and may be avoided by the Plaintiff, as trustee. See *Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211, 118 S.Ct. 651 (1998).

39. Moreover, upon information and belief, Debtor made payments to Defendant within the 90-day prepetition period in the amount of $1,050.00 ($350.00 month for three months) as shown in Debtor's response to question 3 in her Statement of Financial Affairs; these payments constitute preferential transfers and may be avoided by the Plaintiff.

## COUNT TWO

### (Avoidance of Lien Pursuant to 11 U.S.C. § 544)

40. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

41. The Defendant's lien against the Vehicle was perfected after the Filing Date.

42. To the extent the Court does not grant relief under 11 U.S.C. § 547, relief is alternatively available to the Trustee under 11 U.S.C. § 544.

43. Pursuant to 11 U.S.C. § 544, the trustee may avoid any transfer of property of the debtor, or any obligation incurred by the debtor, that is avoidable by judgment and execution

creditors, as well as general unsecured creditors, under applicable state law, as of the commencement of the case.

44. Pursuant to A.R.S. § 28-2133(B), the filing and issuance of a new certificate of title is constructive notice to creditors of the owner or to subsequent purchasers of all liens and encumbrances against the vehicle described in the certificate of title, except those that are authorized by law and that are dependent on possession. If the documents referred to in this article are received and filed in a registering office of the department within *thirty (30) days* after the date of their execution, the constructive notice date relates back to the time of execution, otherwise, the notice date relates back to the time of receipt and filing of the documents by the department *as shown by its endorsement* (emphasis added).

45. Pursuant to applicable state law, Defendant's lien was not perfected within thirty (30) days after the title and registration application was received and filed in a registering office of the Motor Vehicle Division.

46. Pursuant to applicable state law, any asserted secured interest held by Defendant in the Vehicle is not valid as to the creditors of the Debtor, and was avoidable by such creditors as of the date of the filing of the petition.

47. Accordingly, pursuant to 11 U.S.C. § 544, Plaintiff, as the trustee herein, may avoid any secured interest claimed or asserted by Defendant against the Vehicle.

48. Trustee's rights as a hypothetical creditor under 11 U.S.C. § 544(a) are superior to Defendant's unperfected void or avoidable lien.

49. Pursuant to 11 U.S.C. § 544 and applicable state law, Plaintiff may avoid Defendant's secured interest in the Vehicle.

## **COUNT THREE**

**(Violation of Automatic Stay Pursuant to 11 U.S.C. § 362)**

50. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

51. Pursuant to 11 U.S.C. § 362(a)(5), any act to perfect against property of a debtor any lien to the extent such lien secures a claim that arose before the commencement of the bankruptcy case is a violation of the automatic stay.

52. Pursuant to applicable law, any actions taken in violation of the automatic stay are null and void.

53. The automatic stay prohibited Defendant from any act to perfect its interest against the Vehicle.

54. Defendant has not filed any motions with this Court requesting relief from the automatic stay.

55. Nevertheless, as set forth above, Defendant perfected its lien against the Vehicle postpetition on October 8, 2013.

56. Defendant's post-petition perfection of its interest against the Vehicle constituted an act to perfect its lien against property of a debtor on a claim that arose before the commencement of the bankruptcy case.

57. Accordingly, Defendant's perfection of its lien against the Vehicle is void. *See In re Lockridge*, 303 B.R. 449, 452, (Bankr. D. Ariz. 2003) (Judge Haines).

58. Plaintiff requests that this Court enter a judgment finding that Defendant's actions, as described above, violate the automatic stay and Defendant's perfection of its lien is void.

## COUNT FOUR

### (Recovery of Property Pursuant to 11 U.S.C. § 550)

59. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

60. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. § 544 or § 547, the trustee may recover, for the benefit of the estate, the property transferred or the value of the property or payments made.

61. As set forth above, Plaintiff, as the trustee herein, is entitled to avoid the transfer of the lien against the Vehicle pursuant to 11 U.S.C. §§ 544, 547.

62. Pursuant to 11 U.S.C. § 550, Plaintiff, as the trustee herein, is entitled to an order of this Court directing that the lien against the Vehicle is recovered for the benefit of this estate, along with all prepetition and postpetition payments made by the Debtor to Defendant.

63. Alternatively, pursuant to 11 U.S.C. § 550, Plaintiff, as the trustee herein, is entitled to an order of this Court for the value of the transfers from Debtor to Defendant. *See In re Taylor*, 599 F.3d 880 (9th Cir. 2010).

## COUNT FIVE

### (Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551)

64. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

65. Pursuant to 11 U.S.C. § 551, any transfer avoided under § 544 or § 547 of the Bankruptcy Code is preserved for the benefit of the estate, but only with respect to property of the estate.

66. To the extent that the Trustee prevails in avoiding Defendant's lien against the Vehicle, that lien position is preserved for the benefit of the estate.

## COUNT SIX

**(Declaratory Judgment that Vehicle is Property of the Estate, Pursuant to 11 U.S.C. § 541)**

67. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

68. Pursuant to 11 U.S.C. § 541(a)(1), the commencement of a bankruptcy case creates an estate that is comprised of all legal and equitable interests of the debtor in property as of the commencement of the case.

69. On the Filing Date, the Debtor was the legal and equitable owner of the Vehicle.

70. On the Filing Date, the Vehicle became property of the estate.

71. Upon information and belief, Debtor and is listed on the Application as the sole owner of the Vehicle.

72. Upon information and belief, the Debtor lists the Vehicle as her vehicle on Schedule B, and she lists no percentage or part interest in the Vehicle held by anyone else.

73. Since the Vehicle was the property of the Debtor on the Filing Date, the Vehicle became property of the estate upon the Filing Date, pursuant to 11 U.S.C. § 541(a)(1), and the bankruptcy estate has a full legal and equitable interest in the Vehicle.

74. Plaintiff seeks declaratory judgment that the Vehicle is fully property of the bankruptcy estate and that Plaintiff is entitled to the full amount of the sale proceeds in the event Defendant's lien is avoided and the Vehicle is sold.

## COUNT SEVEN

**(Turnover of Postpetition Payments Pursuant to 11 U.S.C. §§ 542, 551)**

75. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

76. Pursuant to 11 U.S.C. § 542, an entity in possession, custody or control, during the case, of property that the trustee may sell under 11 U.S.C. § 363, shall deliver to the trustee, and account for, such property or the value of such property.

77. Pursuant to 11 U.S.C. § 363(b), a trustee may sell, other than in the ordinary course of business, property of the estate.

78. Pursuant to 11 U.S.C. § 551, any transfer avoided under § 547 of the Bankruptcy Code is preserved for the benefit of the estate, but only with respect to property of the estate.

79. Pursuant to 11 U.S.C. § 541(a)(1) or (2), the Vehicle is property of the estate.

80. Pursuant to 11 U.S.C. § 541(a)(4), any interest in property preserved for the benefit of the estate under 11 U.S.C. § 551 is property of the estate; thus Defendant's lien position is property of the estate.

81. Pursuant to 11 U.S.C. § 541(a)(7), the avoided lien in the Vehicle became property of the estate, since the avoided lien in an interest in property that the estate acquired after the commencement of the case.

82. Pursuant to 11 U.S.C. § 541(a)(6), postpetition payments may be recovered by Plaintiff as proceeds of the avoided lien, since the avoided lien is property of the estate.

83. Postpetition payments which the Debtor made to Defendant that held an avoidable security interest in the Vehicle are recoverable, following avoidance and preservation of a security interest, as proceeds of the avoided interest.

84. Pursuant to 11 U.S.C. § 542, Defendant is required to turn over property of the estate to the Plaintiff.

85. Upon information and belief, the Debtor has made postpetition payments to Defendant in the amount of $5,250.00 since the Filing Date ($350.00 per month for 15 months) since the Filing Date, and Defendant is required to turn over this amount to the Plaintiff, along with any payments made after the filing of this Complaint.

## **COUNT EIGHT**

**(Turnover of Vehicle or Vehicle Proceeds Pursuant to 11 U.S.C. § 542)**

86. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

87. Pursuant to 11 U.S.C. § 542, an entity in possession, custody or control, during the case, of property that the trustee may sell under 11 U.S.C. § 363, shall deliver to the trustee, and account for, such property or the value of such property.

88. Pursuant to 11 U.S.C. § 363(b), a trustee may sell, other than in the ordinary course of business, property of the estate.

89. Pursuant to 11 U.S.C. § 541(a)(1) or (2), the Vehicle is property of the estate.

90. Once Defendant's lien is avoided, the Plaintiff is entitled to turnover of the Vehicle or the proceeds from the sale of the Vehicle by Defendant that occurred prior to the filing of this adversary proceeding, or the proceeds from any sale of the Vehicle by Defendant that occurs after the filing of this adversary proceeding.

91. If the Vehicle has been surrendered by the Debtor to Defendant, and the Vehicle is currently in the possession of Defendant, the Vehicle must be turned over to Plaintiff.

92. If the Vehicle has been or is surrendered by the Debtor, and if Defendant sold the Vehicle or sells the Vehicle after the commencement of this adversary proceeding, the proceeds of the sale, with a full accounting thereof, must be turned over to the Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. For avoidance of any secured interest claimed by Defendant and/or Defendant's assignees, successors, predecessors or representatives against the Vehicle and/or the sales proceeds of the Vehicle, pursuant to 11 U.S.C. § 544 and/or § 547;

B. For avoidance of prepetition payments totaling $1,050.00 made by Debtor to Defendant and/or Defendant's assignees, successors, predecessors or representatives, within 90 days of the Filing Date, pursuant to 11 U.S.C. § 547;

C. For a determination that Defendant's postpetition perfection of its lien was in violation of the automatic stay and void, pursuant to 11 U.S.C. § 362;

D. For recovery of the lien and prepetition payments for the benefit of the estate, pursuant to 11 U.S.C. § 550;

E. Alternatively, for recovery of the value of the transfer, pursuant to 11 U.S.C. § 550, i.e., $20,181.00, and a judgment in this amount against Defendant;

F. For preservation of the avoided lien position for the benefit of the estate, pursuant to 11 U.S.C. § 551;

G. For a determination by the Court that the Vehicle is property of the bankruptcy estate, pursuant to 11 U.S.C. § 541;

H. For turnover of postpetition payments of $5,250.00, plus any payments made after the filing of this Complaint, made by Debtor to Defendant, pursuant to 11 U.S.C. § 542;

I. For turnover by Defendant of the Vehicle, if the Vehicle is in its possession, or turnover of the sale proceeds of the Vehicle, if the Vehicle was sold by Defendant, pursuant to 11 U.S.C. § 542;

J. For an order of this Court directing that the estate is entitled to the proceeds from the sale of the Vehicle, regardless of who sold or sells the Vehicle, free and clear of any interest asserted by Defendant and/or its assignees, successors, predecessors or representatives;

K. For an order of this Court directing that the estate is entitled to the funds received by the Defendant if the debt owed to Defendant by the Debtor was paid off by the Debtor or by a lender in connection with the Debtor's trade-in of the Vehicle in connection with her purchase of another vehicle;

L. Directing the Arizona Motor Vehicle Department to issue a new Certificate of Title to "Stanley J. Kartchner, as Chapter 7 Trustee for the Estate of Roberta I. Sachs", free and clear of any liens or other interests held or asserted by Defendant and/or its assignees, successors, predecessors or representatives;

M. For Plaintiff's actual attorneys' fees in the amount of $1,000.00 in the case of default by Defendant, for the preparation and filing of this Complaint and the preparation and filing of all default pleadings;

N. For Plaintiff actual costs in the amount of $350.00 for the filing fee to file this Complaint or in the event of default; and

O. For such other and further relief as the Court deems just and proper.

Dated: January 14, 2015        TRUDY A. NOWAK, P.C.

/s/ Trudy A. Nowak
Trudy A. Nowak
Attorney for the Trustee